**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Lance D. Richards, III |
| Debtor 2 (Spouse, if filing) | Tracey Lynn Richards |
| United States Bankruptcy Court for the: | Southern District of Indiana |
| Case number | 19-71080-AKM-13 |

Official Form 410S1

# Notice of Mortgage Payment Change                                         12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of creditor:** U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust

**Court claim no.** (if known): 14-1

**Last 4 digits** of any number you use to identify the debtor's account: 8 7 9 1

**Date of payment change:**
Must be at least 21 days after date of this notice: 04/01/2021

**New total payment:** $ 2,560.62
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

1. Will there be a change in the debtor's escrow account payment?

   ☑ No
   ☐ Yes. Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

   Current escrow payment: $ _____    New escrow payment: $ _____

## Part 2: Mortgage Payment Adjustment

2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?

   ☐ No
   ☑ Yes. Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

   Current interest rate: 3.125 %           New interest rate: 4.125 %
   Current principal and interest payment: $ 1,576.41    New principal and interest payment: $ 1,822.19

## Part 3: Other Payment Change

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

   ☑ No
   ☐ Yes. Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement.
   (Court approval may be required before the payment change can take effect.)

   Reason for change: _____

   Current mortgage payment: $ _____    New mortgage payment: $ _____

| | | | |
|---|---|---|---|
| Debtor 1 | Lance D Richards, III | Case number (if known) | 19-71080-AKM-13 |
| | First Name   Middle Name   Last Name | | |

| Part 4: | Sign Here |
|---|---|

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

*Check the appropriate box.*

☐ I am the creditor.

☒ I am the creditor's authorized agent.

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

✖ /s/ Molly Slutsky Simons                                                        Date  03/05/2021
Signature

Print:    Molly Slutsky Simons                                                    Title  Attorney for Creditor
         First Name   Middle Name   Last Name

Company  Sottile & Barile, Attorneys at Law

Address  394 Wards Corner Road, Suite 180
         Number         Street

         Loveland                        OH     45140
         City                            State  ZIP Code

Contact phone  513-444-4100                                    Email  bankruptcy@sottileandbarile.com

RECORDING REQUESTED BY:
Bank of America, N.A.
6860 Argonne St, Unit A
HOME RETENTION
Denver, CO 80249

Investor Loan # _____█████████___

This document was prepared by _____

_____Space Above This Line For Recording Data_____

# LOAN MODIFICATION AGREEMENT

Borrower ("I"):[1] Lance D Richards

Original Lender/Beneficiary Lender or Servicer ("Lender"): Bank of America, N.A.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): August 24, 2012
Loan Number █████████████
Property Address: (See Exhibit A for Legal Description if applicable)
"Property": 6444 Pebble Point Ct, Newburgh, IN 47630-9818
See Exhibit B for assignments of record if applicable

If my representations and covenants in Section 1 continue to be true in all material respects, then this Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Page 1

have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    B. There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A Permissible change would be any transfer that the lender is required by law to allow.

    C. I have provided documentation for all income that I receive and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

    D. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

    E. I have made all payments required under a trial period plan or loan workout plan.

    F. If I received a discharge in a Chapter 7 Bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. The Loan Documents will not be modified unless and until (i) I return signed and notarized copies of this Agreement to Lender, (ii) the Lender accepts this Modification by signing it, and (iii) the Modification Effective Date (as defined in Section 3 below) has occurred. Lender will not be obligated to modify the Loan Documents if I fail to meet any of the requirements under this Agreement.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on April 1, 2018 (the "Modification Effective Date"). I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan or loan workout plan, this modification will not take effect.

   A. The Maturity Date will be: March 1, 2058.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan. The new principal balance of my Note will be $431,627.44 (the "New Principal Balance"). Any fees or charges incurred in connection with the servicing of your loan which were not invoiced before we calculated the Unpaid Amounts will appear on your monthly statement under "Fees and Charges." These amounts may be paid when billed or at any time afterward. They will not accrue interest or late fees. If they remain unpaid, they must be satisfied at the earlier of: (i) the date you sell or transfer an interest in the Property, (ii) the date you pay the entire New Principal Balance, or (iii) the Maturity Date. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means that interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which

would not happen without this Agreement.

C. Interest at the rate of 3.125% will begin to accrue on the New Principal Balance as of March 1, 2018 and the first new monthly payment on the New Principal Balance will be due on April 1, 2018. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| Years 1-3 | 3.125% | 03/01/2018 | $1,576.41 | May adjust periodically $770.83 | May adjust periodically $2,347.24 | 04/01/2018 | 36 |
| Year 4 | 4.125% | 03/01/2021 | $1,822.19 | May adjust periodically | May adjust periodically | 04/01/2021 | 12 |
| Years 5-40 | 4.375% | 03/01/2022 | $1,885.12 | May adjust periodically | May adjust periodically | 04/01/2022 | 432 |

*If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.C. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

If I have a pay-option adjustable-rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only option, or any other payment option will no longer be offered. As a result, the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not allow negative amortization, which would have (i) allowed me to pay less than the interest and principal due and (ii) resulted in the unpaid interest added to the outstanding principal balance.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

4. **Additional Agreements.** Lender and I agree to the following:

   A. All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Lender has waived this requirement in writing.

   B. This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

   C. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

   D. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   F. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all

notices of amounts to be paid under this subsection. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this subsection.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand.

H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary either to (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. A corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign such corrected Agreement, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L. OPTIONAL PRODUCTS PURCHASED AFTER CLOSING. Any optional product(s) I may have purchased after the closing of my Loan, the cost for which I agreed to have added to my Total Monthly Payment, will (i) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (ii) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents.

M. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary.  If the original promissory note is replaced, Lender hereby indemnifies me against any loss associated with a demand on the original note.  All documents that Lender requests of me under this 4.M. shall be referred to as the "Documents."  I will deliver the Documents within 10 days after I receive Lender's written request for such replacement.

In Witness Whereof, the Lender and I have executed this Agreement.
(Signatures must be signed exactly as printed, original signature required, no photocopies accepted)

*[signature]* Lance D Richards
(Must Be Signed Exactly As Printed)

04 / 01 / 2018
Signature Date (MM/DD/YYYY)

**DO NOT WRITE BELOW THIS LINE.**
************************************************************************************
THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP By: Mortgage Connect Document Solutions, LLC, its attorney in fact

By: _____
Name: **Stephanie Casillas**
Title: **Assistant Secretary**

Date: APR 1 0 2018

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| In Re: | Case No. 19-71080-AKM-13 |
| Lance D Richards, III<br>Tracey Lynn Richards | Chapter 13 |
| Debtors | Judge Andrea K. McCord |

**CERTIFICATE OF SERVICE**

I certify that on March 5, 2021, a copy of the foregoing Notice of Mortgage Payment Change was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's ECF System. Party/parties may access this filing through the Court's system:

    Dax Jameson Miller, Debtors' Counsel
    dax@daxjmiller.com

    Robert P. Musgrave, Trustee
    ecf@chap13evv.com

    U.S. Trustee, Office of the U.S. Trustee
    ustpregion10.in.ecf@usdoj.gov

I further certify that on March 5, 2021, a copy of the foregoing Notice of Mortgage Payment Change was mailed by first-class U.S. Mail, postage prepaid and properly addressed to the following:

    Lance D Richards, III, Debtor
    6444 Pebble Point Ct.
    Newburgh, IN 47630

Tracey Lynn Richards, Debtor
6444 Pebble Point Ct.
Newburgh, IN 47630

                                                  Respectfully Submitted,

                                                  /s/ Molly Slutsky Simons
                                                  Molly Slutsky Simons (OH 0083702)
                                                  Sottile & Barile, Attorneys at Law
                                                  394 Wards Corner Road, Suite 180
                                                  Loveland, OH 45140
                                                  Phone: 513.444.4100
                                                  Email: bankruptcy@sottileandbarile.com
                                                  Attorney for Creditor